IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Hyland Winnie, Jr., on behalf of himself and others similarly situated, | ) ) ) | Civil Action No. _____ |
| Plaintiff, | ) ) | |
| vs. | ) ) | **NOTICE OF REMOVAL** |
| D.R. Horton, Inc., | ) ) | **Jury Trial Demanded** |
| Defendant. | ) ) ) | |

Defendant D.R. Horton, Inc. ("D.R. Horton"), by and through its undersigned counsel, pursuant to 28 U.S.C. §§ 1332, 1367, 1441, 1446, and 1453; 28 U.S.C. § 121(3); and Local Rule 3.01, hereby notifies this Court that it is removing the above-captioned action currently pending in the Court of Common Pleas for Horry County, South Carolina, to the United States District Court for the District of South Carolina, Florence Division. In support of this Notice of Removal, D.R. Horton states as follows:

1.     On March 13, 2018, Plaintiff filed a Complaint against D.R. Horton in the Court of Common Pleas for Horry County, South Carolina under Civil Action Number 2018-CP-26-01728 ("the State Court Action"). A copy of the Summons and Complaint is attached as Exhibit A and incorporated herein by reference. The purported class action Complaint alleges claims for breach of contract, unjust enrichment, and declaratory relief. Plaintiff seeks an unspecified amount of actual and compensatory damages as well as attorney's fees. (Compl., p. 8.)

2.     Plaintiff served D.R. Horton's statutory agent with copies of the file-stamped Summons and Complaint on March 14, 2018. A copy of the transmittal is attached as Exhibit B.

3.      This Notice of Removal has been filed with this Court within thirty (30) days of D.R. Horton's receipt of Plaintiff's Summons and Complaint as required by 28 U.S.C. § 1446(b).

4.      The basis for removal to federal court is diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), or, in the alternative, class action jurisdiction pursuant to 28 U.S.C. § 1332(d).

5.      In accordance with 28 U.S.C. § 1446(d), D.R. Horton has contemporaneously filed a copy of this Notice of Removal with the Clerk of Court for the Court of Common Pleas for Horry County, South Carolina.

6.      In accordance with 28 U.S.C. § 1446(d), D.R. Horton has given written notice to Plaintiff by contemporaneously serving this Notice of Removal on Plaintiff's counsel.

7.      Venue properly lies in this district and division pursuant to 28 U.S.C. § 1441(a), because Plaintiff's State Court Action was originally filed in Horry County, South Carolina, a county within the Florence Division of the United States District Court for the District of South Carolina.  28 U.S.C. § 121(3).

## BASIS FOR DIVERSITY JURISDICTION

8.      The first basis for removal to federal court is diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because: (1) there is complete diversity of citizenship between Plaintiff and D.R. Horton, and (2) although D.R. Horton ultimately disputes the validity of Plaintiff's claims, the amount in controversy exceeds seventy-five thousand dollars ($75,000), exclusive of interest and costs.  Plaintiff's claims satisfy both statutory requirements for diversity jurisdiction.  The claims of the purported class members would fall within the supplemental jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1367.

*Complete Diversity of Citizenship*

9.     D.R. Horton is informed and believes that, at all times relevant to this action and the filing of this Notice of Removal, Plaintiff Hyland Winnie was and is a citizen and resident of the State of New York.  (Compl., ¶ 1.)

10.     At all times relevant to this action and the filing of this Notice of Removal, D.R. Horton was and is a corporation incorporated under the laws of the state of Delaware with its headquarters/principal place of business in Texas.  D.R. Horton is not a citizen or resident of South Carolina.

11.     Accordingly, complete diversity of citizenship existed between Plaintiff Winnie and D.R. Horton at the time Plaintiff's Complaint was filed, and complete diversity of citizenship exists at the time of removal.

*Amount in Controversy Exceeds $75,000*

12.     As required by 28 U.S.C. § 1332, this Court has jurisdiction when the amount in controversy is greater than $75,000, exclusive of interest and costs.

13.     Plaintiff Winnie seeks recovery of money damages for D.R. Horton allegedly breaching a Home Purchase Agreement in connection with the purchase of Winnie's home. (Compl., ¶ 22–25.)  Specifically, Plaintiff pleads causes of action for breach of contract, unjust enrichment, and declaratory relief.  (Compl., p. 5–6.)

14.     Plaintiff seeks actual damages, compensatory damages, and declaratory relief. (Compl., Prayer for Relief.)

15.     Plaintiff has not limited his damages in the Prayer for Relief and has not filed or otherwise served a stipulation of damages.  If Plaintiff intended to limit his recovery to an

amount less than $75,000, he could have done so by verifying the Complaint or filing a pre-removal affidavit in which he disclaims any monetary recovery in excess of $75,000.

16.     D.R. Horton denies Plaintiff's claims and his entitlement to relief; however, based on Plaintiff's allegations in the Complaint, the amount in controversy requirement is satisfied.

*Supplemental Jurisdiction*

17.     The claims of purported class members are based upon the same facts as the claims arising under federal law and form part of the same case or controversy such that supplemental jurisdiction would be appropriate.

18.     Therefore, pursuant to 28 U.S.C. § 1367, the federal court is vested with authority to retain supplemental jurisdiction over Plaintiff's claims. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 559, 125 S. Ct. 2611, 2620, 162 L. Ed. 2d 502 (2005) (holding that the court may exercise supplemental federal jurisdiction over additional plaintiffs if at least one satisfies the amount-in-controversy requirement).

## BASIS FOR CLASS ACTION JURISDICTION

19.     The second basis for removal to federal court is class action jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) because: (1) there is diversity of citizenship between at least one Plaintiff and D.R. Horton, and (2) the aggregate amount in controversy exceeds five million dollars ($5,000,000), exclusive of interest and costs. Plaintiff's claims satisfy both statutory requirements for class action jurisdiction.

20.     As established above, complete diversity of citizenship existed between Plaintiff and D.R. Horton at the time Plaintiff's Complaint was filed, and complete diversity of citizenship exists at the time of removal.

21.    As required by 28 U.S.C. § 1332(d)(2), this Court has jurisdiction when the amount in controversy is greater than $5,000,000, exclusive of interest and costs.

22.    Pursuant to 28 U.S.C. § 1332(d)(6), "in any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs."

23.    The Complaint seeks to certify a statewide class of "all persons...who have purchased a new home located in South Carolina from D.R. Horton or any of its related companies using [the] Home Purchase Agreement or materially similar Sales Contract" as attached to the Complaint. (Compl., ¶ 6.)

24.    D.R. Horton has sold thousands of homes in the state of South Carolina in the past 3 years alone (Exhibit C, Affidavit of Charles C. Hull, Jr.).

25.    The number of proposed members of the class is more than 100.

26.    Plaintiff has not limited his damages in the Prayer for Relief and has not filed or otherwise served a stipulation of damages.

27.    If Plaintiff intended to limit the value of the purported class claims to below $5,000,000, he could have done so by verifying the Complaint or filing a pre-removal affidavit in which he disclaims any monetary recovery for the class in excess of $5,000,000. *See Chavis v. Fid. Warranty Servs., Inc.*, 415 F. Supp. 2d 620, 627 (D.S.C. 2006) ("Thus, Plaintiffs could have limited the damages alleged in their complaint to escape possible removal to federal court under CAFA.")    They cannot file an effective stipulation subsequent to removal.    *Id. (quoting Thompson v. Victoria Fire & Cas. Co.*, 32 F. Supp .2d 847, 849 (D.S.C. 1999) ("To the extent Plaintiffs allege in their motion to remand and their reply brief that the amount in controversy is

less than $5,000,000, the court notes that 'post-removal events ... do not deprive a federal court of diversity jurisdiction.'")

28.    D.R. Horton submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has pleaded claims upon which relief can be granted, without admitting that Plaintiff has standing, without admitting that Plaintiff's claims have any monetary value, and without admitting that Plaintiff is entitled to any monetary or equitable relief whatsoever.

**WHEREFORE**, Defendant D.R. Horton, Inc. respectfully requests that the above-captioned action now pending in the Court of Common Pleas for Horry County, South Carolina be removed to the United States District Court for the District of South Carolina, and this Court assume jurisdiction of this action and enter such other and further orders as may be necessary to accomplish the removal and promote the ends of justice.

WOMBLE BOND DICKINSON (US) LLP

*s/ James E. Weatherholtz*

James E. Weatherholtz, Fed. Bar No. 7473
Kathryn S. Mansfield, Fed. Bar No. 12231
5 Exchange Street
P.O. Box 999
Charleston, SC 29402
(843) 722-3400
(843) 723-7398
james.weatherholtz@wbd-us.com
Kathryn.mansfield@wbd-us.com

*Attorneys for D.R. Horton, Inc.*

April 13, 2018
Charleston, South Carolina