UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Hyland Winnie, Jr., on behalf of himself and others similarly situated, | ) ) ) | Civil Action No.: 4:18-cv-01023-RBH |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **ORDER** |
| D.R. Horton, Inc., | ) ) | |
| Defendant. | ) ) | |

This matter is before the Court on Defendant D.R. Horton, Inc.'s motion to dismiss Plaintiff's

complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be

granted pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). [ECF No. 4]. The Court grants

the motion for the reasons set forth below.[1]

### Factual Allegations

The complaint and attachments thereto allege and describe the following. Defendant D.R.

Horton, Inc. is a builder and seller of new homes in South Carolina. Compl. at 1 [ECF No. 1-1]. In

2015, Plaintiff Hyland Winnie, Jr. purchased a new home in Horry County, South Carolina from

Defendant. *Id.* at ¶ 1. Defendant requires home buyers, including Plaintiff, to execute Defendant's

Home Purchase Agreement. *Id.* at ¶ 9; *see* Home Purchase Agreement [ECF No. 1-1]. The Home

Purchase Agreement contains a purported waiver of the warranty of habitability, which is implied by

South Carolina law, and instead provides a limited warranty through a third party. Compl. at ¶¶ 10, 13;

Home Purchase Agreement at ¶ 14. Despite requiring purchasers of unequal sophistication and

---

[1] Pursuant to Local Rule of Civil Procedure 7.08, the district court may decide motions without a hearing. The Court has reviewed the parties' filings and determined a hearing in this matter is unnecessary.

bargaining power—including Plaintiff—to waive the implied warranty of habitability as a condition of buying a new home, Defendant provides no consideration in exchange, such as a reduction in price or other benefit. Compl. at ¶¶ 3, 16. Plaintiff contends that Defendant's Home Purchase Agreement is unlawful and unfair, entitling Plaintiff to money damages and injunctive relief. *Id.* at 2, ¶ 17. Notably, Plaintiff does not allege any defect with the home he purchased. This is a proposed class action that includes "all persons, excluding Defendant's agents or principals, who have purchased a new home from [Defendant] or any of its related companies using this Home Purchase Agreement or materially similar [s]ales [c]ontract[s]." *Id.* at ¶ 6.

## Procedural History

On March 13, 2018, Plaintiff filed suit against Defendant in the South Carolina Court of Common Pleas for Horry County, asserting claims for: (1) breach of contract/breach of implied covenant of good faith and fair dealing; (2) unjust enrichment; and (3) declaratory relief. Compl. at 5–6. On April 13, 2018, Defendant timely removed the case to this Court under diversity jurisdiction. *See* Notice of Removal [ECF No. 1]. On the same date, Defendant filed the instant motion to dismiss. On May 4, 2018, Plaintiff filed a response, [ECF No. 9], and on May 11, 2018, Defendant filed a reply thereto, [ECF No. 10]. The matter is now ripe for the Court's consideration.

## Standard of Review

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge a federal court's jurisdiction over the subject matter of the complaint. *See* Fed. R. Civ. P. 12(b)(1). Here, Defendant challenges Plaintiff's standing and the ripeness of Plaintiff's claims. Although some elements of standing are "merely prudential considerations that are part of judicial self-government, the core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III[,]"

2

limiting the Court's subject-matter jurisdiction. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559–60 (1992) (citation omitted). "When standing is challenged on the pleadings," the Court "accept[s] as true all material allegations of the complaint and construe[s] the complaint in favor of the complaining party." *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 181–82 (4th Cir. 2013). The plaintiff has the burden of demonstrating standing. *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 484 (1982).

Like other justiciability doctrines, ripeness derives from Article III of the United States Constitution. *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 808 (2003). Ripeness addresses "the appropriate timing of judicial intervention," *Cooksey v. Futrell*, 721 F.3d 226, 240 (4th Cir. 2013), and "prevents judicial consideration of issues until a controversy is presented in 'clean-cut and concrete form.'" *Miller v. Brown*, 462 F.3d 312, 318–19 (4th Cir. 2006) (quoting *Rescue Army v. Mun. Court of City of L.A.*, 331 U.S. 549, 584 (1947)). "Analyzing ripeness is similar to determining whether a party has standing." *Id.* at 319. "Although the phrasing makes the questions of who may sue and when they sue seem distinct, in practice there is an obvious overlap between the doctrines of standing and ripeness." *Id.* (citation omitted). Like standing, ripeness is a question of subject matter jurisdiction. *Sansotta v. Town of Nags Head*, 724 F.3d 533, 548 (4th Cir. 2013).

If the Court lacks subject-matter jurisdiction over the case, then remand, rather than outright dismissal, is appropriate pursuant to 28 U.S.C. § 1447(c), which governs procedure after removal and plainly mandates remand where jurisdiction is lacking. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 589 (4th Cir. 2006) (citing *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991)) (holding that §

1447(c)'s "mandate is so clear that, once a district court has found that it lacks subject matter jurisdiction in a removed case, no other fact-finding, legal analysis, or exercise of judicial discretion is necessary in order to follow the congressional directive; the decision to remand a case to remedy a lack of subject matter jurisdiction is purely ministerial").

When ruling on a 12(b)(1) motion, the Court "should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citation omitted). The Court "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.* (citation omitted). "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.* (citation omitted).

## Discussion

Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief can be granted. Mem. in Supp. of Mot. to Dismiss at 1 [ECF No. 4-1]. In particular, Defendant argues that: (1) Plaintiff lacks standing because he has not suffered an injury; (2) Plaintiff's claims are not ripe; (3) Plaintiff fails to plead the necessary elements for each his three causes of action; and (4) Defendant "is entitled to summary judgment as to any . . . attorney's fees." *Id.* at 4–8. Defendant contends that "[i]n short, Plaintiff seeks to make a seller's disclaimer of the implied warranty of habitability *actionable* and ignores prior precedent that . . . an ineffective disclaimer is simply *unenforceable*." *Id.* In response, Plaintiff maintains that he has standing for his claims that are ripe for adjudication because he has

suffered an actual injury in fact and a clear justiciable controversy exists between the parties. Pl.'s Resp. at 1 [ECF No. 9]. Plaintiff further contends that the complaint adequately sets forth facts, accepted as true, stating a plausible claim for relief. *Id.* However, because Plaintiff lacks standing and his claim is not ripe, as explained below, the Court addresses the motion to dismiss under Rule 12(b)(1).

To satisfy the "irreducible constitutional minimum of standing[,] . . . [a] plaintiff must have (1) suffered an injury in fact, (2) that it fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). Defendant argues that Plaintiff has not suffered an injury in fact. Mem. in Supp. of Mot. to Dismiss at 4–5. Plaintiff has the burden of demonstrating injury in fact as an element of standing. *Valley Forge Christian Coll.*, 454 U.S. at 484.

To establish injury in fact, Plaintiff must show that he "suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 136 S. Ct. at 1548 (quoting *Lujan*, 504 U.S. at 560). Plaintiff claims that his injury is "having to execute a Home Purchase Agreement in which [Defendant] receives a valuable waiver of warranty rights without paying the new home buyer separate consideration as required by South Carolina law." Pl.'s Resp. at 6. "Stated another way, from the date of closing on the sale of the new home onward, the Home Purchase Agreement's waiver of the implied warranty of habitability alters the parties' positions at common law for [Defendant's] benefit and to the actual, immediate detriment of new home buyers such as Plaintiff." *Id.* at 7. Plaintiff asserts that "[a]t this pleading stage, these allegations are sufficient to establish injury in fact for standing purposes." Pl.'s Resp. at 6. In response, Defendant points out that if the waiver is indeed invalid, then the implied warranty remains

intact, and there is no detriment to Plaintiff. Mem. in Supp. of Mot. to Dismiss at 4. In the absence of an alleged defect with Plaintiff's house, Defendant contends, there is no injury, but "if Plaintiff were to discover an issue . . . in the future and bring a claim alleging a breach of the implied warranty of habitability [that Defendant] . . . refuse[d] to remedy[,]" then Plaintiff could use the legal process to "determine whether the disclaimer, as to this particular buyer, is enforceable under . . . *Kirkman*, including whether consideration had been sufficient for [Defendant] to enforce the disclaimer against Plaintiff." Def.'s Reply at 2 [ECF No. 10].

In South Carolina, "the seller of a new house impliedly warrants the habitability of the house." *Kirkman v. Parex, Inc.*, 632 S.E.2d 854, 856 (S.C. 2006) (citations omitted). "[H]abitability is defined as the . . . 'condition of a building in which inhabitants can live free of serious defects that might harm health and safety[.]'" *Roland v. Heritage Litchfield, Inc.*, 641 S.E.2d 465, 468 (S.C. Ct. App. 2007) (quoting *Black's Law Dictionary* (8th ed. 2004)). Thus, for there to be a breach of the implied warranty of habitability, there must be a defect with the house. *See, e.g., Kirkman*, 632 S.E.2d at 856 (defective stucco allegedly rendering house uninhabitable); *Lane*, 229 S.E.2d at 729 (defective septic tank)*; Kennedy v. Columbia Lumber & Mfg. Co., Inc.*, 384 S.E.2d 730 (S.C. 1989) (defective foundation); *Smith v. D.R. Horton, Inc.*, 790 S.E.2d 1, 2 (S.C. 2016) (construction defects causing severe water damage). The warranty of habitability "springs from the sale" of the new house. *Kirkman*, 632 S.E.2d at 857. This doctrine of *caveat venditor* recognizes that the seller "has profited by receiving a fair price" and "between [the seller] and an innocent purchaser, the innocent purchaser should be protected from latent defects." *Id.* (citing *Lane v. Trenholm Bldg. Co.*, 229 S.E.2d 728, 731 (S.C. 1976)). However, "the principle of freedom of contract" allows a seller "to effectively disclaim the implied warranty of habitability." *Id.* at 858 (citation omitted). In order to maintain the purchaser's protection, such

6

disclaimer is permitted "only if strict conditions are satisfied." *Id.* "[T]he disclaimer must be (1) conspicuous; (2) known to the buyer; and (3) specifically bargained for." *Id.* (citation omitted).

In the case at hand, Plaintiff alleges no defect with the house he purchased from Defendant. *See generally* Compl. Rather, Plaintiff complains of Defendant's purported waiver/disclaimer of the implied warranty of habitability. Compl. at ¶ 3. It appears that Plaintiff's theory of recovery is novel, and he does not cite a case where a home buyer was able to receive money damages for a purportedly disclaimed warranty of habitability when there was no defect alleged. South Carolina's policy of implying the warranty of implied habitability into the sale of new homes is to protect innocent buyers "*from latent defects.*" *Kirkman*, 632 S.E.2d at 857 (citing *Lane*, 229 S.E.2d at 731) (emphasis added). For this Court to allow Plaintiff's claim to proceed would create a theory of recovery in the absence of an alleged latent defect. Accordingly, Plaintiff's claim fails as a matter of law because he has not suffered an injury in fact, which, in the context of the implied warranty of habitability, is a home defect. If such an injury existed, then the Court would be able to determine the validity of the Home Purchase Agreement's purported waiver/disclaimer. For the Court to analyze and explain the legal implications of a situation that has not arisen here would lead the Court to issue an advisory opinion, which is constitutionally prohibited. *See Golden v. Zwickler*, 394 U.S. 103, 108 (1969) ("The federal courts . . . do not render advisory opinions."); *Power v. McNair*, 177 S.E.2d 551, 553 (S.C. 1970) (South Carolina Constitution requirement of justiciable controversy proscribes purely advisory opinions). Moreover, to the extent Plaintiff seeks to reform the Home Purchase Agreement to include the implied warranty of habitability, such a claim is not ripe because he has not alleged a home defect, so the issue he raises with respect to the purported waiver is not currently fit for judicial resolution. *See Cooksey*, 721 F.3d at 240 (quoting *Nat'l Park Hosp. Ass'n*, 538 U.S. at 808) (in reviewing a ripeness claim, a court considers "(1) the fitness of the issues for judicial decision and (2) the hardship to the parties of

7

withholding court consideration'"). Therefore, the Court lacks subject-matter jurisdiction because Plaintiff lacks standing and his claim is not ripe. However, instead of outright dismissing the case, the Court must remand the case per 28 U.S.C. § 1447(c).[2]

## Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's complaint. [ECF No. 4]. Accordingly, the Court **REMANDS** the case to the South Carolina Court of Common Pleas for Horry County.

**IT IS SO ORDERED.**

Florence, South Carolina
January 22, 2019

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

---

[2] *See generally Smith v. Wis. Dep't of Agric., Trade & Consumer Prot.*, 23 F.3d 1134, 1142 (7th Cir. 1994) (citations omitted) ("[I]t is clear that Article III's 'case or controversy' limitations apply only to the federal courts. Perhaps, were the claim remanded to . . . state court, it would there be dismissed on state ripeness or standing grounds. But again, § 1447(c) says that a case removed to federal court 'shall be remanded' to the state court if it is discovered that the federal court lacks subject matter jurisdiction. [The State's] doctrines of standing and ripeness are the business of the [State] court's, and it is not for us to venture how the case would there be resolved.").